

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 22, 1949

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Hon. Homer Garrison, Jr.
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Opinion No. V-979.

Re: The necessity to register
highway building and/or
maintenance machinery
propelled or moved on the
highways.

Dear Sirs:

Your letter requesting our opinion relative to the above captioned matter reads as follows:

"A question has been raised as to the effect of House Bill 465 passed by the 51st Legislature on the exemption of highway building and maintenance machinery temporarily moved upon the public highways, from registration as required by RCS 6675A. In order that this Department and the Department of Public Safety may correctly administer and enforce the registration statutes it is respectfully requested that you give us your opinion on the following question:

Is highway building and/or maintenance machinery temporarily propelled or moved upon the highways required to be registered the same as any other commercial vehicle?

"By highway building and maintenance machinery, is meant road rollers, maintainers, ditch-digging machines and other equipment of a special type used in construction and maintenance, as well as trucks and ordinary equipment."

Subsequent to requesting our opinion on the above matter, Col. Garrison supplemented such request as follows:

"Assuming that a piece of road building or road maintaining equipment is not required to be registered when being used for the special purpose for which it was primarily designed, does such equipment become

subject to registration when it is diverted from the use for which it was primarily designed and is used to haul highway construction equipment and supplies over state highways? In other words, if a contractor finishes a job near Amarillo, Texas, can he place pay loads of construction equipment on unregistered trailers, semi-trailers and other unregistered vehicles and move such vehicles over state highways, which they are not constructing or maintaining, to Beaumont, Texas, where they have another job?

"Or can materials, contractor's equipment and supplies, including gravel, asphalt, rock, structural steel, etc. be hauled from a supply point near Austin, Texas, over state highways to a road construction project beyond Bastrop, Texas, without the transporting vehicles having been registered?

"Are our load limit laws applicable to vehicles being used as described in the two preceding paragraphs?

"Are the provisions of the Drivers' License Law applicable to the operators of such vehicles?

"If the equipment in question is operating over a state highway, are the provisions of the Uniform Traffic Code applicable to the operation of such vehicles?"

We will first quote the provisions of our statutes that, in our opinion, are applicable to the questions submitted.

Article 6675a-1, V.C.S., provides in part:

"The following words and terms, as used herein, have the meaning respectively ascribed to them in this Section, as follows:

"(a) 'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

"(b) 'Motor Vehicle' means every vehicle, as herein defined, that is self-propelled.

" . . .

"(d) 'Truck-tractor' means every motor vehicle designed or used primarily for drawing other vehicles,

and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn.

"...

"(f) 'Road-tractor' means every motor vehicle designed or used for drawing other vehicles or loads, and not so constructed as to carry a load independently or any part of the weight of the drawn load or vehicle.

"(g) 'Trailer' means every vehicle designed or used to carry its load wholly on its own structure and to be drawn by a motor vehicle.

"(h) 'Semi-trailer' means vehicles of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its load rests upon or is carried by another vehicle.

"...

"(m) 'Public Highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled for the use of vehicles over which the State has legislative jurisdiction under its police power.

"...

"(q) By 'operated or moved temporarily upon the highways' is meant the operation or conveying between different farms, and the operation or conveyance from the owner's farm to the place where his farm produce is prepared for market or where same is actually marketed and return.

"(r) 'Implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck."

Article 6675a-2 provides:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or

current calendar year or unexpired portion thereof; provided that where a public highway separates lands under the dominion or control of the owner, the operation of a motor vehicle by such owner, his agents or employees, across such highway shall not constitute a use of such motor vehicle upon a public highway of this State. <u>Owners of farm tractors, farm trailers, farm semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways shall not be required to register such farm tractors, farm trailers, farm semi-trailers, or implements of husbandry;</u> provided, however, that such farm trailers and farm semi-trailers are operated in conformity with all provisions of the law save and except the requirements as to registration and license; and providing further, that the exemptions in this section shall not apply to any farm trailer or farm semi-trailer when the gross weight exceeds four thousand (4,000) pounds; provided, that no farm trailer or farm semi-trailer with metal tires shall be permitted to operate at a speed in excess of fifteen (15) miles per hour; and further provided, that the exemptions in this section shall not apply to any farm trailer or farm semi-trailer with steel tires of a width less than three (3) inches operating in excess of fifteen (15) miles per hour; and providing further, that the exemption in this section shall not apply to any farm trailer or farm semi-trailer when the same is used for hire; provided, however, it shall be unlawful to operate any trailer or semi-trailer at night without a rear red light or red reflectors."

Article 6701a provides:

"Section 1. When any person, firm or corporation shall desire to operate over a state highway super-heavy or over-size equipment for the transportation of such commodities as cannot be reasonably dismantled, where the gross weight or size exceeds the limits allowed by law to be transported over a state highway the State Highway Department may, upon application, issue a permit for the operation of said equipment with said commodities, when said State Highway Department is of the opinion that the same may be operated without material damage to the highway. Provided, however, that nothing in this Act shall prevent the full control of such movements or operations on the streets of cities and towns by the ordinances of such municipalities.

"Sec. 1-a. In order to facilitate the issuance of such special permits, the Highway Department shall

designate in each county a special agent or agents
who shall at all times be available for the purpose
of issuing such permits in compliance with this law.

"Sec. 2. The application for a permit as pro-
vided for in this Act, shall be in writing and contain
the following:

"(a) The kind of equipment to be operated, with
complete description of the same, and the weight of
same.

"(b) The kind of commodity to be transported,
and the weight of same.

"(c) The highway and the distance over which
the same is to be operated.

"(d) The same shall be dated and signed by the
applicant.

"Section 3. Before a permit is issued the appli-
cant for the same shall file with the State Highway De-
partment a bond in amount to be set and approved by
the Department, payable to the State Highway Depart-
ment of Texas and conditioned that the applicant will
pay to the State Highway Department any damage that
might be sustained to the highway by virtue of the op-
eration of the equipment for which a permit is issued
to operate, and venue of any suit for recovery upon said
bond may be any court of competent jurisdiction in
Travis County. There shall also accompany the appli-
cation for permit a fee of Five Dollars ($5) for single
trip permits, Ten Dollars ($10) for time permits not
exceeding a period of thirty (30) days; Fifteen Dollars
($15) for time permits not exceeding a period of sixty
(60) days and Twenty Dollars ($20) for time permits not
exceeding a period of ninety (90) days, which fee shall
be by the State Highway Department deposited in the
Treasury of the State of Texas to the credit of the State
Highway Fund. All payments of fees shall be made by
cashier or certified check, postal or express money
orders. As a further prerequisite to the issuance of
any such permits, the equipment to be operated under
such permit must have been registered under Acts 1929,
Forty-first Legislature, Second Called Session, Chap-
ter 88, as amended (Vernon's Civil Statutes 6675a) for
maximum gross weight applicable to such vehicle under
Section 5, Acts 1929, Forty-first Legislature, Second

Called Session, Chapter 42, as amended (Vernon's Penal Code, Article 827a), not exceeding forty-eight thousand (48,000) pounds total gross weight.

"Sec. 4. Any permit provided for in this Act issued by the State Highway Department, shall be substantially in the following form:

"(a) It shall contain the name of the applicant and shall be dated and signed by the State Highway Engineer or a Division Engineer.

"(b) It shall state the kind of equipment to be transported over the highway, together with the weight and dimensions of same and the kind and weight of the commodity to be transported.

"(c) It shall state the highway and distance over which the same is to be transported.

"(d) It shall state any condition upon which the permit is issued."

Section 8b of Article 6675a, as amended by House Bill No. 465, Acts 51st Leg., R.S., 1949, ch. 200, p. 376, reads as follows:

"No vehicle which has a total outside width, including any load thereon, of more than ninety-six inches, except that the width of a farm tractor shall not exceed one hundred and eight inches, and excepting further that the limitations as to the size of vehicles shall not apply to implements of husbandry and highway building or maintenance machinery temporarily propelled or moved upon the public highways, shall be permitted to operate upon the highways of this State except under a special permit issued for such movement by the Department. The fee for each such special permit for the movement of overwidth vehicles including any load thereon, shall be in addition to the registration fee required by law."

Article 804, V.P.C., provides:

"Whoever operates upon any public highway a motor vehicle which has not been registered as required by law shall be fined not to exceed two hundred dollars."

Article 817, V.P.C., provides:

"No person shall operate or run on any public
highway any vehicle which has on its periphery any
block, log, stud, cleat, ridge, bead or any other pro-
tuberance of metal that shall project more than one-
fourth of an inch beyond the tread or traction surface
of the tire, unless the said wheels are protected by
bands, wooden blocks, skids or some sufficient device
to protect the highway against injury by reason there-
of. Nothing herein shall prevent the use of traction
engines with cleats on the driving wheels thereof on
dirt or unimproved roads, or the use of vehicles ac-
tually engaged at the time in construction or repair
work on roads. Whoever violates any provision of
this article shall be fined not to exceed one hundred
dollars."

The registration fees provided for by Article 6675a, et
seq., are imposed for the use of motor vehicles, trailers and semi-
trailers upon the highways. A motor vehicle, trailer or semi-trail-
er not used on the highways is not required to be registered. All
of such vehicles are required to be registered if used on the high-
ways with the one exception provided in Article 6675a-2 which reads:

"Owners of farm tractors, farm trailers, farm
semi-trailers, and implements of husbandry, operated
or moved temporarily upon the highways shall not be
required to register such farm tractors, farm trailers,
farm semi-trailers, or implements of husbandry; ..."

It is clear that highway building and maintenance machin-
ery does not fall within this exception. Therefore each separate
piece of such machinery or equipment which falls within the statu-
tory definitions of either a motor vehicle, truck-tractor, road trac-
tor, trailer or semi-trailer is required to be registered before it
can be operated upon the public highways. This is so whether or
not it is being "temporarily propelled or moved upon the public high-
ways." The only time that a temporary movement upon the highways
becomes material as to highway building or maintenance machinery
under our registration statutes, is in reference to the securing of
a special permit. Art. 6675a, Sec. 8b.

Article 6675a-1 states that a vehicle means every device
in, or by which any person or property is or may be transported or
drawn upon a public highway (except devices moved only by human
power or used exclusively upon stationary rails or tracks). The stat-
ute then defines a motor vehicle to mean every vehicle that is self-
propelled. You submitted with your request pictures of various

highway building and maintenance machinery. Some of these items, by reason of having on their periphery either blocks, lugs, studs, cleats, ridges, beads or other protuberance of metal which project more than one-fourth of an inch beyond the tread or traction surface, cannot be permitted to travel on the public highways, except on dirt or unimproved roads or while actually engaged in construction or repair work on roads, unless the wheels are protected by bands, wooden blocks, skids or some sufficient device to protect the highway against injury. Art. 817, V.P.C. These items would only be required to be registered when they are used on dirt or unimproved roads, or on other roads when the periphery is properly protected so as not to injure the highway. Of course these as well as all other highway building and maintenance machinery that is not propelled or moved on the public highways except while actually engaged in the construction or repair work on the roads or highways are not required to be registered. Every device which is transported or drawn upon a public highway, in or by which any person or property is or may be transported is required to be registered. This is so, whether the property transported is made a part of the device by the manufacturers or by others. It may be only a drag line, steam shovel, roller, sweeper or other machinery which is permanently attached so as to render the device useless for any other purpose. Of course, such highway building and maintenance equipment cannot move upon the public highways after being registered, if they exceed the legal load limit, without obtaining a special permit. Art. 6675a, Sec. 8b. This article exempts highway building and maintenance machinery from the necessity of securing a special permit when the size of the device exceeds the maximum dimensions.

Section 3 of Article 6701a, as amended by House Bill No. 465, 51st Leg., R.S., 1949, ch. 200, p. 376, provides that over-weight or over-size equipment to be operated upon the public highways, must be registered before a permit can issue. If this mobile over-weight highway machinery is not subject to registration, then it could not be moved over the highways, except by loading it on a registered truck, as a permit could not be issued to allow same to move on the public highways on its own periphery.

All vehicles subject to registration before moving upon the public highways are subject to the load limit (Art. 827a, Sec. 5, V.P.C.) and drivers' license laws (Art. 6687b, V.C.S.) and the uniform traffic code (Art. 6701d, V.C.S.). We do not find any statute making exceptions as to highway building and maintenance equipment which operates upon the public highways as registerable vehicles.

## SUMMARY

Highway building and maintenance machinery which falls within the statutory definitions of either a motor vehicle, truck-tractor, road-tractor, trailer or semi-trailer is required to be registered before it can be operated upon the public highways, either temporarily or otherwise. Such equipment that is not propelled upon the public highways except while actually engaged in the construction or repair work on the highways is not required to be registered. Every device which is transported or drawn upon a public highway, in or by which any person or property is or may be transported is required to be registered, even though the property transported is made a part of the device by the manufacturers or by others. Highway building and maintenance equipment which exceeds the legal load limit, cannot move upon the public highways after being registered without securing a special permit. All vehicles which are subject to registration, including highway building and maintenance equipment, are subject to the load limit (Art. 827a, Sec. 5, V.P.C.) and drivers' license laws (Art. 6687b, V.C.S.) and the uniform traffic code (Art. 6701d, V.C.S.).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG/mwb

APPROVED

*Charles S. Mathews*

EXECUTIVE ASSISTANT
ATTORNEY GENERAL